UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| JEMAROCO JEREMIAH SPENCER, | : | Case No. 25-mj-155 |
| | : | |
| Defendant. | : | |
| | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.    Summary of the Plea Agreement

The defendant agrees to plead guilty to Counts One, Two and Three of the Information charging two counts of Assaulting, Resisting, Obstructing, Impeding Federal Officers (Misdemeanors), in violation of Title 18, United States Code, Section 111(a)(1) (Counts One and Two); and Unlawful Possession of Cocaine Base (Misdemeanor), in violation of 21 U.S.C. § 844(a) (Count Three).

II.    Elements of the Offense

The essential elements of the offense of Assaulting, Resisting, Obstructing, Impeding Federal Officers, in violation of Title 18, United States Code, Section 111(a)(1), each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Special Agents Casey Eskridge and Javier Campos-Canales of the United States Drug Enforcement Administration ("DEA");

2. That the defendant did such acts forcibly;

3. That the defendant did such acts voluntarily and intentionally; and

4. That the persons assaulted, resisted, opposed, impeded, intimidated, or interfered with were officers or employees of the United States who were then engaged in the performance of their official duties.

The essential elements of the offense of Unlawful Possession of Cocaine Base, in violation of Title 21, United States Code, Section 844, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a detectable amount of cocaine base; and;

2. That the defendant did so voluntarily and on purpose, not by misstate or accident.

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove that he knew he possessed some type of controlled substance. The law makes cocaine base a controlled substance.

III.    Penalties for the Offense

The penalty for Resisting, Obstructing, Impeding Certain Officers, in violation of Title 18, United States Code, Section 111(a)(1), (Counts One and Two) is as follows:

1. a maximum term of imprisonment not to exceed one (1) year;

2. a fine not to exceed $100,000;

3. a term of supervised release of not more than one (1) year; and

4. a special assessment of $25.

The penalty for Unlawful Possession of Cocaine Base, in violation of Title 21, United States Code, Section 844(a) (Count Three), is as follows:

1. a maximum term of imprisonment not to exceed one (1) year;

2. a fine of not less than $1,000 and not to exceed $100,000;

3. a term of supervised release of not more than one (1) year; and

2

4. a special assessment of $25.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.    Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1.    On August 18, 2025, at approximately 10:08 pm, United States Park Police ("USPP") officer Leonardo Sanchez, assisted by other federal officers, including three DEA Agents, was patrolling the area near the intersection of 17th Street NW and Independence Avenue SW, Washington, D.C.    The police cruiser was fully equipped with emergency equipment, and officer Sanchez was in full uniform and equipped with body-worn camera. The DEA Agents were on duty and wearing protective vests and/or clothing with police insignia.

2.    Officer Sanchez observed a white vehicle driving in reverse in the westbound lane of Independence Avenue.   The vehicle then began to drive forward and ran a red light at the intersection.   Officer Sanchez activated his emergency equipment and conducted a traffic stop on the vehicle.   He noted that the Virginia license plate displayed a registration sticker that expired in 2024.

3.    Officer Sanchez then interacted with the driver, later identified as defendant Jemaroco Jeremiah Spencer.   Defendant Spencer admitted to Officer Sanchez that he did not have a driver's license.   Spencer further advised that the license plate on the vehicle he was driving did not belong to the vehicle.

4.    Officer Sanchez ordered Defendant Spencer out of the vehicle and observed in Spencer's pocket a bright green bag consistent with those issued at marijuana dispensaries. The

3

DEA agents on scene also observed and collected a rolled marijuana cigarette behind Spencer's ear.

5.    The intersection of 17th Street SW and Independence Avenue SW is on federal property, namely the National Mall.   The marijuana was seized for destruction.

6.    Defendant Spencer was arrested for driving without a valid license and operating a vehicle with tags belonging to another vehicle.   Subsequently, Spencer was transported by Officer Sanchez and the DEA Agents to USPP Central District Station for processing in Washington, D.C. The vehicle was impounded.

7.    Upon arrival at the USPP station, Officer Sanchez conducted a post-arrest search of Spencer's person to ensure no contraband or weapons were on his person. While doing so, Officer Sanchez felt a bulge between Spencer's groin area and right leg that felt like rocks packed together and that produced a sound consistent with plastic wrapping. To investigate further, Officer Sanchez sought and received approval from his supervisor to conduct a strip search of Defendant Spencer.

8.    Officer Sanchez directed Spencer into a cell to begin the search.   Upon entering the cell, Spencer (who was not handcuffed) took the wrapped packet from his groin area and attempted to flush it down the toilet inside the cell.   Officer Sanchez then attempted to restrain Spencer and stop him from destroying the item.   Spencer refused to comply with verbal commands and resisted the restraining force applied by Officer Sanchez and the DEA Agents who took hold of Spencer.   During his resistance, Spencer was kicking his legs and swinging his arms towards the law enforcement officers, including DEA Agents Casey Eskridge and Javier Campos-Canales. Spencer's resistance continued even after being handcuffed, and his kicking and arm swinging resulted in physical contact being made with Agents Eskridge and Campos-Canales.

4

Defendant Spencer was eventually secured and calmed down. Defendant Spencer admits that his actions forcibly, voluntarily, and intentionally obstructed, impeded, opposed, resisted, and interfered with the federal agents during the performance of their official duties.

9.    Officer Sanchez conducted a field test on the substance inside the wrapped packet Defendant Spencer had tried to flush down the cell toilet.   The substance weighed 9.6g and tested positive for crack cocaine base.   Defendant Spencer admits that the substance is crack cocaine base.

10.    During a search of Defendant Spencer's vehicle, two digital scales were recovered.

11.    This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea.   The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted

Jeanine Ferris Pirro
United States Attorney

By:

George Eliopoulos
Assistant United States Attorney
D.C. Bar No. 390601
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-6957
geoge.p.eliopoulos@usdoj.gov

5

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Counts One, Two and Three of the Information, charging two counts of Resisting, Obstructing, Impeding Certain Officers, in violation of Title 18, United States Code, Section 111(a)(1), and one count of Unlawful Possession of Cocaine Base, in violation of 21 U.S.C. § 844(a). I have discussed this proffer fully with my attorney, Tezira Abe. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11/13/25

Jemaroco Jeremiah Spencer
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to two counts of Resisting, Obstructing, Impeding Certain Officers, in violation of Title 18, United States Code, Section 111(a)(1), and one count of Unlawful Possession of Cocaine Base, in violation of 21 U.S.C. § 844(a). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/13/2025

Tezira Abe
Attorney for Defendant

6